# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                   Case No. 08-CR-143

TOM GILES,

        Defendant.

## ORDER DENYING MOTION TO DESIGNATE CASE AS COMPLEX

On May 21, 2008 the grand jury returned a thirteen count indictment alleging that Tom Giles ("Giles") embezzled $3,364.37 from a labor organization over a roughly three-year period ending in 2006. On June 6, 2008, this court entered a pretrial order establishing June 26, 2008 as the deadline for pretrial motions to be filed.

On June 19, 2008, the defendant filed a motion seeking the court to designate this case as complex pursuant to Criminal Local Rule 12.1. As cause for this motion, Giles points to the volume of the discovery in this matter. The discovery consists of 716 pages of initial discovery, more than 3800 pages of discovery on a second discovery disc, and "approximately five banker boxes of union records and two additional boxes from the employer" or records "thought to be less pertinent from the government's perspective." (Docket No. 8 at 2.) However, in addition to the volume of discovery, the defendant argues that the complex designation is appropriate because the government alleges that Giles engaged in 49 additional actions of embezzlement not charged in the indictment, and thus the defendant anticipates that the government will attempt to introduce some evidence of

these uncharged acts at trial. (Docket No. 8 at 3.) To fully evaluate all these other acts, Giles alleges that it is necessary to analyze the 1,350 pages of the defendant's co-worker's timesheets.

Although this indictment was the result of a thorough and detailed investigation that generated substantial discovery, the actual charges are not complex or connected to voluminous discovery. The allegations contained in the indictment are straightforward and specific. A full and effective defense should not require an intensive review of the Department of Labor's entire audit.

As for the discovery related to uncharged acts, it is unknown at this point whether the government will even introduce such evidence, and thus it is unnecessary for the defendant to thoroughly review this material. Such additional review need not be completed before the initial motions deadline; any additional motions related to other acts evidence are traditionally handled by way of a motion in limine before trial.

Therefore, the court shall deny the defendant's motion to designate this case as complex. However, the court shall consider a subsequent motion for a limited extension of the pretrial motions deadline if it is supported by a showing of good cause.

Further, if counsel is unable to adequately prepare for trial in the time allotted, a motion to adjourn trial, again supported by a demonstration of good cause, should be addressed to Judge Griesbach.

**IT IS THEREFORE ORDERED** that the defendant's motion to designate this case as complex is **denied**.

Dated at Milwaukee, Wisconsin this 20th day of June 2008.

_____
s/AARON E. GOODSTEIN
U.S. Magistrate Judge