# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

       Plaintiff,

  v.                                   Case No. 08-CR-143

TIM GILES,

       Defendant.

---

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION IN LIMINE**

---

Defendant Tim Giles was indicted on thirteen counts of embezzlement from a union contrary to 29 U.S.C. § 501(c). More specifically, Giles was charged with fraudulently submitting claims for reimbursement from Local 20 of the United Steel Workers Union for time and pay allegedly lost from work at the Thilmany paper mill in Kaukana, Wisconsin, due to Union business on thirteen separate occasions between May 23, 2003 and May 31, 2006. Trial is set to commence on December 8, 2008.

Giles has filed a Motion in Limine requesting an order from the Court preventing the Government from introducing evidence of twenty-three additional uncharged fraudulent claims he submitted to the Union during the same time period. They are listed in a document entitled Summary of Fraudulent Lost Wage Payments to Tim Giles attached to the Government's response as Exhibit A. Plaintiff contends that the evidence is inadmissible propensity evidence and meets none of the requirements for admissibility under Fed. R. Evid. 404(b). Giles also contends that the evidence is inadmissible under Rule 403 because the probative value is substantially outweighed

by the danger of unfair prejudice, confusion of the issues, delay, waste of time, or needless presentation of cumulative evidence. For the reasons set forth herein, Giles' motion will be denied.

## DISCUSSION

Fed. R. Evid. 404(b) precludes the admission into evidence of other crimes, wrongs or acts to prove the character of a person in order to show that he acted in conformity therewith. However, the rule permits such evidence where it is relevant to other issues, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b). Such evidence is also admissible when it is "inextricably intertwined" with the charged offenses. *United States v. Ramirez*, 45 F.3d 1096, 1102 (7th Cir. 1995). Giles contends that the evidence of other claims fits neither category. Moreover, he argues that the evidence is prejudicial and that permitting the Government to proceed with such evidence would cause confusion of the issues, undue delay, waste of time, or the needless presentation of cumulative evidence.

The Court is required to follow a four-part test to determine whether evidence of other crimes, wrongs or acts may be admitted. To be admissible, the Court must find:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged, (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue, (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act, and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*United States v. Ellis*, ___ F.3d ___ , 2008 WL 4936851 (7th Cir. November 20, 2008) (citing *United States v. Shields*, 999 F.2d 1090, 1099 (7th Cir. 1993)). The evidence proffered by the Government meets this test.

First, the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged. Evidence of other fraudulent claims for reimbursement filed by Giles is relevant to the issue of absence of mistake or accident. The specific criminal intent to deprive the Union of its funds and convert them to the Defendant's own use are elements which the Government must prove in order to obtain a conviction. *United States v. Thor Darson*, 646 F.2d 1323, 1334 (9th Cir.), *cert denied*, 454 U.S. 1055 (1981). The fact that Giles submitted claims for reimbursement on twenty-three occasions, in addition to those charged in the indictment, is evidence that the thirteen charged offenses were not the result of mistake or inadvertence. The record reflects that Giles submitted one-hundred twenty-six claims for reimbursement during the relevant time period. If, as the Government intends to show, thirty-six of this total were false, it is reasonable to infer that the thirteen counts that have been charged were not the result of accident or inadvertence. And, of course, evidence that Giles engaged in same conduct more regularly than the charged counts and for more money is also relevant to his opportunity and motive.

With respect to the remaining requirements for admissibility, it is clear that the other acts are sufficiently similar and close in time to be relevant to the question at issue. In fact they are essentially identical to the acts charged in the indictment and occurred during the same time period. Indeed, Giles does not even argue that the claims are dissimilar, with the exception of the several claims for reimbursement during the time he was in Las Vegas for a Union convention. Giles contends that because he was actually engaged in Union business during the period of the convention from April 11 through April 15, 2005, and thus unable to work, submission of his voucher for the week was entirely proper. But according to the Government, Giles was paid by his employer for this same period. Thus, he did not lose pay during that week due to Union work.

3

I am satisfied the similarity is sufficient to be relevant to the charged offenses. Even the claims relating to Giles' attendance at the Las Vegas convention are not so dissimilar as not to be relevant. Like all of the counts, the Government's evidence concerns obtaining or retaining Union funds to which Giles was not entitled. The second requirement is therefore met.

The third requirement is also satisfied. The evidence is sufficient to support a jury finding that Giles committed the uncharged acts. The evidence the Government intends to offer is essentially the same as the evidence for the charged offenses. It consists of written claims for reimbursement submitted by Giles, and time and payroll records from the Union and Thilmany. Again, even as to the claims for reimbursement for the time spent at the Las Vegas convention, the evidence is sufficient. And to the extent the evidence as to this instance differs from the charged counts, it is not prejudicial.

Finally, as to the fourth requirement, the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. The other acts, like the charged offenses, are not of a nature likely to engender passion or outrage. A jury is not going to be swayed to convict the defendant of the charged offenses because of outrage over the uncharged offenses for the obvious reason that they are the same. While the evidence of other acts may make Giles appear more guilty, this is not "undue" prejudice of a kind that the Court must be concerned about. *See United States v. McCaffrey*, 181 F.3d 854, 857 (7th Cir.1999) ("The only prejudice McCaffrey has identified is that the evidence made him look guilty. Naturally, probative evidence is also prejudicial in a literal sense, but such prejudice is not 'undue' and is therefore not subject to exclusion under Rule 403."); *see also United States v. Ellis*, 2008 WL 4936851, at * 3 (holding admission of evidence of

4

defendant's other uncharged tax violations at trial for defendant's failure to account for and pay federal taxes not abuse of discretion).

Giles also argues that admitting evidence of the uncharged acts would mislead and confuse the jury, and result in undue delay, a waste of time, and the needless presentation of cumulative evidence. Specifically concerning the claims for reimbursement during the convention he attended, Giles argues that, notwithstanding the Government's view of the evidence, the circumstances surrounding this particular claim are likely to confuse the jury and result in undue delay as the parties embark on a "mini-trial" over what is essentially a side issue. These considerations, as well as the danger of undue prejudice, he argues, warrant exclusion of the other act evidence in this case.

Turning first to the issue of cumulative evidence, Giles' argument reflects a misunderstanding of the rule prohibiting cumulative evidence. Evidence is cumulative when it bears on the same fact that the party presenting the evidence seeks to prove. *United States v. Ives*, 609 F.2d 930, 933 (7th Cir. 1979) ("Cumulative evidence replicates other admitted evidence."). In other words, five witnesses called to say they saw the defendant at work on a particular day, when the fact that he was at work is unchallenged, would be cumulative. Evidence of other separate and distinct acts that bear on the issue of the defendant's state of mind in the case is not.

Nor is admitting such evidence likely to lead to undue delay or jury confusion. The Government's case, as already noted, rests on written claims for reimbursement submitted by Giles, and time and payroll records from the Union and Thilmany. Summary exhibits have been prepared by the Government that detail the relevant information in understandable format as to each allegedly fraudulent claim. Once the format is explained by the Investigator who performed the audit, it should be a simple matter for the jury to understand the evidence. Giles suggests that he will need

5

to fly people in from out-of-state to address the claim relating to the time he was attending the convention, but it is unclear why. From the brief reference to the issue by the parties at the final pretrial conference, it does not appear that the Government is contesting his claim that he actually attended the convention; it is challenging only his claim that he lost pay from his employer as a result. In any event, no showing has been made that allowing such evidence would lead to a waste of time or confusion of the jury. I thus conclude that not only is the evidence of other acts admissible under Rule 404(b), but admission of such evidence is not barred by Rule 403. The balancing considerations required under Rule 403 do not warrant exclusion.

Finally, I also find that the other act evidence is necessary to put the charged offenses into context. In assessing Giles' intent, the jury will be assisted by evidence as to how often Giles submitted claims for reimbursement for lost work. If it was a routine occurrence, periodic mistakes might be expected. If, on the other hand, these were the only thirteen claims he submitted, the jury would most likely draw different inferences. Thus, the total number of claims made during the relevant time period would seem necessary to place the charged offenses in context. To allow evidence of the total number of claims, however, while excluding evidence that a substantial number, indeed more than twice the number that have been charged, were false would be misleading. I therefore conclude that evidence of the uncharged claims that the Government contends were likewise fraudulent is necessary to give the jury the full picture. In this sense, the other act evidence offered by the Government is "inextricably intertwined" with the charged offenses. Acts are sufficiently connected to the charged crime to be admitted as "inextricably intertwined" when, among other circumstances, "they are so blended or connected that they incidentally involve, explain the circumstances surrounding, or tend to prove any element of, the

6

charged crime." *United States v. Senffner*, 280 F.3d 755, 764 (7th Cir. 2002). The evidence here meets this test. Thus, for this reason, as well, Giles' motion to exclude such evidence is denied.

     **SO ORDERED** this   4th   day of December, 2008.


                          s/ William C. Griesbach
                          William C. Griesbach
                          United States District Judge